**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AIPING TONG,

                Petitioner,

v.

JEFFERSON SESSIONS, III, Attorney
General,

                Respondent.

No. 12-70554

Agency No. A089-996-824

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2017[**]

Before:    SCHROEDER, NELSON, and MCKEOWN, Circuit Judges.

    Aiping Tong, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing her appeal from an Immigration

Judge's ("IJ") decision denying her application for asylum, withholding of

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

We review adverse credibility determinations under the substantial evidence standard. *See Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). Substantial evidence supports the BIA's adverse credibility determination based on, among other things, inconsistencies in Tong's testimony regarding the alleged incident giving rise to her asylum claim, discrepancies in Tong's testimony regarding an earlier forced abortion that she omitted from her asylum application and asylum interview, and Tong's failure to adequately explain her use of an alias. *See id.* at 1046-48 (inconsistency regarding underlying events supported adverse credibility determination under the REAL ID Act's "totality of the circumstances" standard); *see also Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (adverse credibility finding was supported where petitioner omitted material incidents from asylum application).

Because we affirm the BIA's determination that Tong failed to establish eligibility for asylum, we affirm the denial of Tong's application for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the BIA's denial of Tong's claim under CAT, because Tong failed to present any evidence beyond the testimony deemed

2

not credible to establish that it was "more likely than not that [she] . . . would be tortured if removed." *Shrestha,* 590 F.3d at 1048.

**PETITION DENIED.**